UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SWARTZ,

      Plaintiff,

                                      Case No. 17-cv-12715

v.                                   Honorable Linda V. Parker

STARFISH FAMILY SERVICES, INC.
and NAIMAH JEFFERSON,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE TO COMPEL ARBITRATION OR, ALTERNATIVELY TO REOPEN CASE AND WAIVE ARBITRATION (ECF NO. 13)

On August 18, 2017, Plaintiff filed this lawsuit against her former employer, Starfish Family Services, Inc., claiming race (Caucasian) discrimination and retaliation. (ECF No. 1.) Plaintiff filed an Amended Complaint a few days later, adding her former supervisor, Naimah Jefferson, as a defendant. (ECF No. 4.) After Defendants moved to dismiss Plaintiffs' Amended Complaint (ECF No. 9), the parties agreed to dismiss Plaintiff's claims with prejudice and submit them to binding arbitration. A stipulated order to that effect was entered on January 23, 2018. (ECF No. 12.)

More than six years later, Plaintiff filed a motion to reopen the case to compel arbitration or to waive arbitration and issue a scheduling order. (ECF No.

13.)  Plaintiff relies on Federal Rule of Civil Procedure 60(b) in support of her

request.  The motion has been fully briefed.  (ECF Nos. 14, 15.)

## I.    Factual and Procedural Background

As indicated, after Defendants moved to dismiss Plaintiffs' claims, the

parties entered into an agreement to submit the claims to arbitration and for this

lawsuit to be dismissed with prejudice.  The stipulated order entered on January 23,

2018, reads in relevant part:

> . . . this matter is dismissed with prejudice and without costs to any
> party and shall be submitted to binding arbitration in accordance with
> the Agreement between the parties.  The Court shall retain jurisdiction
> to enforce the arbitration award.

(ECF No. 12 at PageID. 124.)  The parties' agreement, which was signed on

January 23, 2018, contains several provisions, including the selection of Sue Ellen

Eisenberg as the arbitrator.  (ECF No. 14-2.)

As relevant to Plaintiff's pending motion, the parties agreed to a 150-day

period of discovery following the execution of their agreement, that is, until June

22, 2018.  (*Id.* 172 § 3.C.ii.)  The parties agreed that the arbitration "shall begin

within 90 days of the close of the discovery."  (*Id.* at PageID. 172 § 3.B.)  Thus,

the agreed deadline to begin the arbitration was September 20, 2018.

In June 2018, the parties exchanged and responded to written discovery

requests.  (*See* ECF Nos. 14-3, 14-4.)  On July 11, 2018, Defendants' counsel, Rick

Mitchell, emailed Plaintiff's counsel, Andrew John Laurila, who was then with the

Rasor Law Firm, requesting to schedule depositions.[1]  (ECF No. 14-5.)  Mr.

Mitchell suggested dates in August.  (*Id.*)  On September 19, 2018, apparently after

receiving no response from Plaintiff's counsel, co-counsel for Defendants, Mary

Aretha, sent another email to Mr. Laurila, requesting dates in late September or

early October for Plaintiff's deposition.  (ECF No. 15-2 at PageID. 205.)

According to Defendants, after receiving no response from Plaintiff's counsel,

their attorneys eventually closed the case file as the arbitration deadline had

passed.

      Mr. Mitchell did send an email to Mr. Laurila on February 10, 2019,

however, indicating that Mr. Mitchell had left a couple of messages for Mr. Laurila

and asking for a return call.  (*Id.* at PageID. 206.)  Almost three months later, on

May 9, Mr. Laurila emailed Mr. Mitchell:

> I apologize for not getting back to you soon.  Things have been crazy
> and it's been one thing after another.  In any event, to move this along
> my suggestion is to exchange written discovery next week, schedule
> depositions for June (I only need 2 or 3), and then we'll be in a
> position to figure out what we're doing with this.  If you have any
> alternative suggestions or thoughts please let me know.

(*Id*. at PageID. 207.)  Two months later, on July 8, Mr. Laurila again emailed Mr.

Mitchell, writing:

> I emailed you a bit ago about this and wanted to circle back.  I
> apologize for the delay – we had some administrative issues here that

---

[1] The docket reflects that Mr. Laurila is now associated with another law firm.  He
worked at the Rasor Law Firm during his involvement in the current matter.

> made my life rather crazy.  In any event, when would a good time to
> discuss moving this along?

(*Id.* at PageID. 208.)  It does not appear that defense counsel responded to these emails, or that Plaintiff's counsel pursued further action related to this matter until October 2020—more than two years after Mr. Laurila's last email.

On October 26, 2020, Stephanie Moore, a paralegal from the Rasor Law Firm, emailed Mr. Mitchell:  "Hello!  We would like to begin scheduling the Arbitration for this matter.  Please contact us when you are able to get started, thank you so much!"  (ECF No. 13-2 at PageID. 150.)  Ms. Moore sent numerous follow up emails with the same inquiry on November 4, 2020; November 8, 2020, December 7, 2020, January 19, 2021, April 16, 2021, June 14, 2021, and November 29, 2021.  (*Id.* at 147-48.)  James Rasor, Senior Trial Counsel for the Rasor Law Firm, or members of the firm's staff, sent additional emails seeking a response from defense counsel on June 29, 2022 and March 10, 2023.  (*Id.* at PageID. 144-45.)

On March 10, Mr. Mitchell responded, indicating that he would call his client that day and follow up.  (*Id.* at PageID. 144.)  Not hearing from Mr. Mitchell, representatives from the Rasor Law Firm sent multiple emails to Mr. Mitchell between March 17 and May 8, 2023, requesting: "Any update?" or "[A]ny response from your client?"  (*Id.* at PageID. 142-44.)  On May 8, Mr. Rasor

emailed Mr. Mitchell indicating that Plaintiff would be filing a motion with the arbitrator to schedule the hearing.  (*Id.* at PageID. 141.)

The record does not reflect any further action by Plaintiff's counsel until November 28, 2023, when a paralegal from the Rasor Law Firm, Shelby DeFelice, emailed Mr. Mitchell, asking to schedule "a zoom meeting to get this matter back on track and work out some potential dates for arbitration." (*Id.* at PageID. 140-41.)  Ms. DeFelice sent an email with the same inquiry on November 30.  (*Id.* at PageID. 140.)  Mr. Mitchell immediately responded that he would contact his clients and get back to Ms. DeFelice.  (*Id.* at PageID. 139.)  It appears that Mr. Mitchell did not get back to Ms. DeFelice, as she sent follow up emails on these dates in 2024: January 12, February 2, February 23, and March 22.  (*Id.* at PageID. 136-38.)

Mr. Rasor emailed the office of the agreed upon arbitrator, Ms. Eisenberg, on March 29, 2024, seeking available dates to schedule the arbitration.  (*See* ECF No. 13-3 at PageID. 152.)  Ms. Eisenberg's office responded on April 2, 2024, indicating Ms. Eisenberg had not agreed to arbitrate the matter and did not have time on her calendar to do so.  (*Id.* at PageID. 153.)

The present Rule 60(b) motion to reopen the case followed on May 22, 2024.  (ECF No. 13.)

5

## II.    Applicable Law & Analysis

Rule 60(b) sets forth criteria for when relief from judgment is warranted.

The rule states, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)). "This is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Id*. (quoting *Olle v.*

*Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (same); *In re Abdur'Rahman*, 392 F.3d 174, 183 (6th Cir. 2004) (en banc) (same), *vacated on other grounds*, 545 U.S. 1151 (2005).

"Relief pursuant to Rule 60(b)(6) is available 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.'" *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle*, 910 F.2d at 365). In other words, "[s]omething more" must be present "than those situations contemplated by the other clauses of the rule." *Id.* (citing *Olle*, 910 F.2d at 365). And "[t]he 'something more' must include unusual and extreme situations where principles of equity mandate relief." *Id.* (quoting *Olle*, 910 F.2d at 365) (ellipsis omitted); *see also Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (quoting *Ford Motor Co. v. Mustang Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)) ("Relief under [Rule 60(b)(6)] is limited to 'unusual and extreme situations where principles of equity *mandate* relief.'").

The Sixth Circuit has held that the breach of a settlement agreement does not, by itself, constitute an exceptional or extraordinary circumstance warranting relief under Rule 60(b)(6). *Info-Hold*, 538 F.3d at 459 (citing *Ford Motor*, 487 F.3d at 469-70); *see also Ford Motor*, 487 F.3d at 469 (citing *Aro Corp. v. Allied*

*Witan Co.*, 531 F.2d 1368 (6th Cir. 1976)).  As the court summarized its earlier

holding in *Aro*:  "The Sixth Circuit clearly states in that case that a district court

has a duty to vacate a prior order of dismissal *when required in the interests of*

*justice, not whenever a settlement agreement has been breached*."  *Ford Motor*,

487 F.3d at 470) (brackets omitted); *see also Info-Hold*, 538 F.3d at 459 (first

quoting *Blue Diamond Coal Co.*, 249 F.3d at 524, then quoting *Ford Motor*, 487

F.3d at 470) ("Rather, because Rule 60(b)(6) is intended to apply 'in exceptional or

extraordinary circumstances which are not addressed by the first five numbered

clauses of the Rule,' a court may vacate a prior order of dismissal which was based

upon a settlement agreement only 'when required in the interests of justice, not

whenever the settlement agreement has been breached.'").

Plaintiff fails to demonstrate by clear and convincing evidence that

Defendants breached the arbitration agreement.  Defendants did not fail to

cooperate in discovery during the 150-day pre-arbitration discovery period.  Nor

did they refuse to proceed with arbitration before the deadline to do so expired.

What the record reflects instead is the failure of Plaintiff's counsel, for whatever

reason, to pursue pre-arbitration discovery and arbitration before the agreed upon

time to do so expired, or at least within a reasonable time thereafter.

Plaintiff argues that Defendants waived the deadlines in the parties'

agreement when Ms. Aretha proposed, in her email to Mr. Laurila on September

19, 2018, to schedule Plaintiff's deposition in late September or early October, which would be after the September 20 arbitration deadline.  Even if that is accurate, it does not mean that Defendants agreed to extend the deadlines indefinitely.  Mr. Laurila did not respond to Ms. Aretha's email and only seems to have refocused his attention on the matter *eight* months later, when he emailed Mr. Mitchell on May 9, 2019.  The Sixth Circuit has stated that lawyers may have a duty "to make *every reasonable effort* to see that the agreed terms [of a settlement agreement] are fully and *timely* carried out."  *Ford Motor*, 487 F.3d at 469 (quoting *Aro*, 487 F.3d at 469) (emphasis added).  The italicized words are significant here when in judging Defendants' efforts and, thus, whether equitable and policy considerations warrant relief under Rule 60(b)(6).

For these reasons, Plaintiff fails to establish "extraordinary or exceptional" circumstances warranting relief under the rule.  As Sixth Circuit caselaw establishes, *see supra*, a breach of an agreement is not, on its own, enough to make that showing.  In any event, Plaintiff's request for relief under Rule 60(b) is untimely.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  To the extent Plaintiff's motion is premised on alleged misconduct by Defendants, *see* Fed. R.

9

Civ. P. 60(b)(3), it is untimely because it was filed more than one year after the dismissal order.[2]  To the extent Plaintiff relies on Rule 60(b)(6), it was not reasonable to wait five and a half years after the deadline to arbitrate to ask the Court to reopen the proceedings.

## III.    Conclusion

For the above reasons, the Court holds that Plaintiff fails to satisfy her burden of establishing relief under Rule 60(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to reopen this case (ECF No. 13) is **DENIED** and this matter remains closed.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 13, 2025

---

[2] The Sixth Circuit, however, has suggested that the breach of a settlement agreement is not a basis for relief under Rule 60(b)(3).  *See Info-Hold*, 538 F.3d at 458-59 (noting that "only one federal court has even suggested that the 'misconduct' provision in Rule 60(b)(3) might encompass the breach of a settlement agreement").